FILED
SUPERIOR COURT
OF GUAM

2020 JUN -4 AM 11: 10

CLERK OF COURT

By:

**IN THE SUPERIOR COURT OF GUAM**

PO II STEVE TOPASNA, GUAM POLICE )
DEPARTMENT; DOES 1-100, )
　 )
　 )　Special Proceedings Case No. SP0064-20
　 Petitioners, )
　 )
　 )
　vs. )
　 )　**DECISION AND ORDER**
　 )　**(Petition for Writ of Mandamus)**
GOVERNMENT OF GUAM; LOURDES )
LEON GUERRERO IN HER CAPACITY AS )
GOVERNOR OF GUAM; CAPT. STEVEN )
IGNACIO IN HIS CAPACITY AS CHIEF OF )
POLICE, GUAM POLICE DEPARTMENT; )
MR. EDWARD BIRN, IN HIS CAPACITY AS )
DIRECTOR, GUAM DEPARTMENT OF )
ADMINISTRATION, )
　 )
　 )
　 Respondents. )
　 )
_____)

**INTRODUCTION**

This matter is before the Honorable Anita A. Sukola on Petitioner PO II Steve Topasna's ("Topasna") Petition for Writ of Mandamus. Attorney Thomas J. Fisher represents Topasna. Assistant Attorney General James Canto represents Respondents Government of Guam, Lourdes Leon Guerrero in her capacity as Governor of Guam, Captain Steven Ignacio in his capacity as Chief of Police of the Guam Police Department, and Edward Birn in his capacity as Director of the Guam Department of Administration (collectively "the Government"). The Court held a motion hearing on May 29, 2020, and subsequently took this matter under advisement. For the reasons set forth below, the Court **DENIES** Topasna's Petition for Writ of Mandamus.

## BACKGROUND

On March 19, 2020, the Governor of Guam issued Executive Order 2020-05 in response to the COVID-19 pandemic. The Executive Order contains the following language:

> The Government of Guam is operating in a limited capacity. Some agencies are completely closed. Several agencies are operational but closed to public access. Other agencies remain fully operational, including public access . . . Regardless of operational status of an agency/department, all government of Guam employees remain on regular work status and are expected to report for duty within two hours from receiving notice from his/her supervisor.

Fisher Decl. Exh. C (May 19, 2020).

Topasna is employed by the Government of Guam as a Police Officer II with the Guam Police Department. Topasna Decl. ¶ 2 (May 19, 2020). Though required to appear at work and perform during the emergency, Topasna has received neither double pay nor compensatory leave credit for hours worked. *Id.* ¶¶ 14-17.

On May 19, 2020, Topasna filed a Petition for Writ of Mandamus, seeking to be placed in a status of paid leave or alternatively to be compensated with either double pay or compensatory leave credit for each hour worked. On May 26, 2020, the Court held a hearing, during which Assistant Attorney General James Canto informed the Court that he had not been served with Topasna's Petition. Topasna's counsel informed the Court that he would serve Attorney Canto with the Petition, and the Court thereafter set a briefing schedule and scheduled a second hearing date. On May 28, 2020, the Government filed an opposition. On May 29, 2020, Topasna filed a reply. Also on May 29, 2020, the Court held a motion hearing and took this matter under advisement.

# ANALYSIS

Topasna asks the Court to issue a peremptory or alternate writ of mandamus commanding the Government to place Topasna, as well as similarly situated individuals, in a status of paid leave not charged to his or her annual leave or otherwise. Alternatively, Topasna asks the Court to command the Government to compensate Topasna and similarly situated individuals, through law or equity, double pay for labor rendered while on duty contrary to law.

Topasna argues that such relief is required pursuant to the Department of Administration's Personnel Rule and Regulations, specifically Sections (A) - (C) of Rule 8.406, which state the following:

> A. Excused absence with pay and without charge to leave shall be granted to employees when natural disasters or other emergency conditions create unsafe working conditions.
>
> B. Excused absence, for natural disaster or other emergency conditions, may be granted only when there has been an official proclamation of the hazardous conditions by Executive Order, or an equivalent announcement by the Governor.
>
> C. When the Governor declares a State of Emergency, the appointing authority shall determine whether affected facilities or portions thereof, which are located in the area covered by the Executive Order or proclamation, are to be closed.
>
>> 1. Except for those employees determined by the appointing authority to be necessary for providing essential services, employees shall be released from duty with pay, without charge to leave, for the period the facility is closed.
>>
>> 2. Those employees, required to remain on duty to provide essential services, shall be paid at double the regular rate, or granted compensatory leave credits for the hours worked during the period the facility is closed and the other employees are on excused leave.

## A. Mandamus relief is appropriate because the relief demanded by Topasna requires a ministerial act.

The first question before the Court is whether a writ of mandamus is a proper vehicle for the granting of the relief Topasna seeks. The Superior Court may grant a writ of mandamus "to compel the performance of an act which the law specially enjoins." 7 GCA § 31203. A writ of mandamus is appropriate "where there is not a plain, speedy, and adequate remedy in the ordinary course of law. It must be issued on the verified petition of the party beneficially interested." 7 GCA § 31203. Mandamus is appropriate only where there is a "clear, present and ministerial duty to act." *Guam Fed'n of Teachers ex rel. Rector v. Perez*, 2005 Guam 25 ¶ 25 (quoting *Holmes v. TLUC*, 1998 Guam 8 ¶ 11). "[M]andamus will not lie to compel the exercise of discretion in a particular manner." *Underwood v. Guam Election Comm'n*, 2006 Guam 17 ¶ 14. "The court may deny the application for an alternative writ and dismiss the petition if the petition fails to allege a prima facie case for relief or is procedurally defective." *Gomez v. Superior Court*, 278 P.3d 293, 301 (Cal. 2012) (citing *Dare v. Board of Medical Examiners*, 136 P.2d 304 (Cal. 1943)). "The petitioner has the burden of showing that a writ should issue." *Guam Election Com'n v. Responsible Choices for All Adults Coalition*, 2007 Guam 20 ¶ 26.

"The critical question in determining whether an act required by law is ministerial in character is whether it involves the exercise of judgment and discretion." *Glendale City Employees' Ass'n., Inc. v. City of Glendale*, 540 P.2d 609, 620 (Cal. 1975) (quotation omitted). Mandamus will not lie to compel the exercise of discretion in a particular manner. *Limtiaco v. Guam Fire Dep't*, 2007 Guam 10 ¶ 9. In *Limtiaco*, the petitioner argued that he was not being paid his proper salary. After the petitioner filed a government claim and a grievance, the parties

settled and the Civil Service Commission entered an order setting forth the terms of that settlement. After six (6) months, the petitioner still had not been paid, so he filed a petition for writ of mandamus in the Superior Court. The Superior Court issued the writ and Guam Fire Department ("GFD") appealed. On appeal, the Supreme Court held that a writ of mandamus was appropriate to enforce an administrative body's order for back pay. *Id.* at ¶ 15. The court noted that because there was already an order in place, the only actions left were for GFD to (1) calculate the petitioner's back pay, and (2) issue a new GG-1; actions that constitute ministerial duties. *Id.* "Because ministerial and not discretionary duties were sought to be compelled, this situation fits into the line of cases that hold a writ of mandamus would be an appropriate vehicle for relief in seeking the performance of ministerial duties." *Id.*

Here, the Government first argues that mandamus relief is unavailable because the decision to open or close facilities is a discretionary act. Rule 8.406 states that the appointing authority – in this case, the Chief of Police – has the discretion to decide whether to close any affected facilities. However, the act which Topasna seeks to compel is not that the Chief of Police open or close facilities. The Chief of Police has already made this discretionary decision, and Topasna argues that the discretionary decision to open facilities must necessarily be followed by the ministerial task of compensating Topasna with either double pay or compensatory leave credits for hours worked. Therefore, the Government fails in its argument that mandamus relief is inappropriate because the Chief of Police exercised discretion in deciding to open facilities during the state of emergency.

Further, the Government argues that the Chief of Police has the discretion to decide which form of compensation to provide, monetary or leave-based. As with the Government's previous argument, this discretion does not preclude mandamus relief in this case. If certain

criteria are met under Rule 8.406, the eligible employees *"shall* be paid at double the regular rate, or granted compensatory leave credits for the hours worked during the period the facility is closed and the other employees are on excused leave." While the Government may have discretion in determining which of these two methods will be used to compensate eligible employees, the Government does not have discretion in determining whether to provide one of the two methods of compensation.

**B. Mandamus relief is appropriate to compel an agency to comply with an administrative rule.**

The next question before the Court is whether the Petition must be denied because Topasna's request for double pay or compensatory leave credits relies upon a Department of Administration Rule, as opposed to an act of the Legislature.

Under 7 GCA § 31202, the Superior Court may issue a writ to "any inferior tribunal, corporation, board, or person to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust, or station . . ." (emphasis added). The Government argues that "[i]n contrast to overtime pay and typhoon pay, which are authorized by law (see 4 GCA §§ 4105, 6226), Topasna has relied solely on a Department of Administration rule." Opp'n at 3-4 (May 28, 2020). The Government is correct in noting that Topasna seeks an order compelling compliance with an administrative rule, rather than a statute. However, the Government has not provided any authority to support its position that a writ of mandamus may solely be used to compel compliance with an act of legislation, as opposed to other legally binding authority. As noted above, the Guam Supreme Court in *Limtiaco* held that a writ of mandamus was appropriate to enforce an administrative body's order for back pay.

2007 Guam 10 ¶ 15. The Court therefore holds that a petitioner may seek mandamus relief to compel compliance with a Department of Administration Rule.

### C. Rule 8.406(C)(2) only applies to Topasna if the Guam Police Department is closed and there are other employees on excused leave status.

Having determined that the relief sought by Topasna would constitute a ministerial act and that mandamus relief is appropriate to compel compliance with an administrative rule, the Court now turns to the question of whether double pay or compensatory leave credits are required in the present circumstance.

Rule 8.406(A) states that "[e]xcused absence with pay and without charge to leave shall be granted to employees when natural disasters or other emergency conditions create unsafe working conditions." Section (B) goes on to clarify that excused absence "may be granted only when there has been an official proclamation of the hazardous conditions by Executive Order, or an equivalent announcement by the Governor." However, recognizing that some Government employees are essential and need to report during emergencies, section (C) creates an exception to the general rule of section (A). Section (C)(1) states that "[e]xcept for those employees determined by the appointing authority to be necessary for providing essential services, employees shall be released from duty with pay, without charge to leave, for the period the facility is closed." The Chief of Police has determined that Topasna is necessary for providing essential services, so section (C)(1) does not apply to him.

Topasna's request for double pay or compensatory leave credits is made pursuant to section (C)(2), which states the following: "Those employees, required to remain on duty to provide essential services, shall be paid at double the regular rate, or granted compensatory leave credits for the hours worked during the period the facility is closed and the other

employees are on excused leave." Rule 8.406(C)(2) therefore only authorizes double pay or compensatory leave credits for the hours worked (1) "during the period the facility is closed," and (2) while "the other employees are on excused leave." The question before the Court is whether these two criteria have been met.

    1. <u>Topasna has failed to demonstrate that the Guam Police Department is closed.</u>

Executive Order 2020-04 closed all non-essential government offices and suspended such services. Fisher Decl. Exh. B. Three days later, Executive Order 2020-05 announced that the "Government of Guam is operating in a limited capacity. Some agencies are completely closed. Several agencies are operational but closed to public access. Other agencies remain fully operational, including public access." Fisher Decl. Exh. C.

On May 14, 2020, the Attorney General issued an Opinion Memorandum regarding the applicability of Rule 8.406. The Opinion states the following as to whether an agency is "closed":

> The Governor's Executive Orders created three categories of agencies: (1) fully operational, including public access; (2) operational but closed to public access; and (3) completely closed. If an agency is "fully operational, including public access," it follows that the facility is not closed and employees who report to work would not be eligible to receive double pay.

The Attorney General Opinion recognizes that it is generally easy to categorize which agencies are completely open or completely closed, but it is much more difficult to determine the applicability of an agency such as the Guam Police Department, which is partially open.

> The more difficult category to assess for Rule 8.406 purposes is the category of agencies that are 'operational but closed to the public.' One could argue that these agencies are closed and that their essential employees who remained on duty may be eligible for double pay, or vice versa. Therefore, there would first have to be a determination as to each agency's open/closed status during this emergency period.

While identifying that this question is open for interpretation, the Attorney General Opinion declined to offer its own interpretation, instead stating that the Attorney General's Office "is not in a position to categorize executive branch agencies for purposes of applying Rule 8.406. The rule itself confers that responsibility on the appointing authority."

The factual record before the Court is insufficient for the Court to determine whether Guam Police Department is closed. Topasna submitted a declaration in which he asserts the following: "As a result of the stay-at-home measures sections, divisions and such services of the Guam Police Department was and continue to remain closed to the public." Topasna Decl. ¶ 13. This sentence is the only fact in the record which provides any insight as to whether the Guam Police Department is "closed" pursuant to Rule 8.406. Topasna has the burden of showing that a writ should issue. *Guam Election Com'n*, 2007 Guam 20 ¶ 26. Topasna has failed to allege the facts necessary to demonstrate that Rule 8.406 is applicable to him, and the Petition therefore fails.

2. Topasna has failed to allege that other employees are on excused leave.

Not only has Topasna failed to demonstrate that the Guam Police Department is closed, but he has also failed to allege and demonstrate that other employees are on excused leave. Under Rule 8.406(C)(2), Topasna is only eligible for double pay or compensatory leave for hours he works while "the other employees are on excused leave." Rule 8.406 provides no clarification as to whether the phrase "the other employees" refers to all employees of a particular agency or only employees with the same job title.

However, Topasna does not allege that *any* Guam Police Department employees are on excused leave. In fact, this lawsuit has been filed on behalf of Topasna and "similarly situated individuals," suggesting that Topasna and his colleagues are all working despite the Executive

Orders. Rule 8.406 is intended to provide additional compensation to essential employees who are forced to work during a period when similarly situated workers are on excused leave status, thereby rectifying any disparate treatment among employees. Topasna has the burden of showing that a writ should issue, yet he has failed to even allege that he is working while other Guam Police Department employees are on paid leave. For this reason, Topasna's Petition fails.

**CONCLUSION**

In failing to demonstrate that the Guam Police Department is closed and failing to allege that other Guam Police Department employees are on excused leave status, Topasna has failed to meet his burden in demonstrating that Rule 8.406(C)(2) applies to him. For the reasons above, the Court **DENIES** Topasna's Petition.

SO ORDERED, this _____ 4 _____ day of _____ June 2020 _____.


_____
The Honorable Anita A. Sukola
Judge, Superior Court of Guam